United States District Court
for the
Southern District of Florida

| | |
|---|---|
| BluestarExpo, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20875-Civ-Scola |
| | ) |
| Jay L. Enis and others, Defendants. | ) |

### Order Requiring Amended Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject-matter jurisdiction over this action on the basis Plaintiff BluestarExpo, Inc. alleges.

BluestarExpo alleges the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332. A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* Here, BluestarExpo's diversity-jurisdiction allegations are deficient.

BluestarExpo, in its complaint, alleges only where individual Defendants Jay Enis, Grovind Srivastava, and Syed Ali Abbas are "residing." (Compl, ECF No. 1, ¶¶ 3, 5, 6.) But, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a state is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Here, merely stating the individual defendants' residences is in insufficient and does not allow the Court to determine whether it has diversity jurisdiction in this case.

Additionally, BluestarExpo's citizenship allegations as to Defendant Soliel Chartered Bank are insufficient as well. BluestarExpo describes Soliel as "a banking entity organized under the laws of the Union of Comoros," "engaged in systematic and continuous business operations in . . . New York." (Compl. at ¶

7.) BluestarExpo must specify—if it believes Soleil's citizenship should be evaluated like a corporation's—where Soleil's principal place of business is, in addition to Soleil's place of incorporation. Further, BluestarExpo must also explain why a foreign bank's citizenship should be evaluated like a foreign corporation's and not some other type of business entity.

Next, BluestarExpo describes The Enis Family Trust as "an equitable entity located in Miami-Dade County, Florida" and that "Enis controls the Trust and/or is so closely related that no meaningful distinction exists between Enis and the Trust." (Compl. ¶ 4.) But, where the citizenship of a trust must be determined, "it is necessary to determine whether the entity has the characteristics of a traditional trust, in which the trustee possesses certain customary powers and is the real party in interest, or whether the entity is an unincorporated artificial entity with rights in or control to the trust." *Liberty Ins. Underwriters, Inc. v. O & S Holdings, LLC*, 8:18-CV-2042-T-36TGW, 2018 WL 8244495, at *2 (M.D. Fla. Sept. 5, 2018). BluestarExpo, thus, must allege facts assuring the Court that the trustees—and not, for example, the beneficiaries—are the relevant entities or individuals, for the purpose of identifying the citizenship of the trust in this case. Once BluestarExpo identifies the relevant entities, it must also allege their citizenships as well.

Finally, BluestarExpo also alleges, among its complaint's twenty-one counts, at least two federal claims. Thus, it appears, even if BluestarExpo is unable to establish diversity jurisdiction, this case may still proceed before the Court on the basis of federal-question jurisdiction. But whether this case proceeds under diversity or federal-question jurisdiction may affect the law applied to BluestarExpo's state-law claims and other aspects of this case.

Because of these insufficient allegations, the Court is unable to ascertain whether complete diversity exists or if, instead, this case should proceed under the Court's federal-question jurisdiction. Accordingly, BluestarExpo must file an amended complaint, on or before **March 15, 2021**, clarifying, consistent with the above, the basis for the Court's jurisdiction on which this case will proceed. If BluestarExpo fails to file an amended notice by that date, or the amended notice fails to comply with this order, the Court may dismiss this case.

**Done and ordered**, at Miami, Florida, on March 5, 2021.

_____
Robert N. Scola, Jr.
United States District Judge