UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20875-CIV-SCOLA/GOODMAN

BLUESTAREXPO, INC.,

      Plaintiff,

v.

JAY ENIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO STRIKE FIRST AMENDED AFFIRMATIVE DEFENSES

Plaintiff, BluestarExpo, Inc. ("Bluestar") filed a motion to strike the affirmative defenses of Defendants Grovind Srivastava, Syed Abbas, and Soliel Chartered Bank ("Defendants"). [ECF No. 56]. Defendants filed a response [ECF No. 60]. Plaintiff did not file an optional reply, and the time to do so has passed.

United States District Judge Robert N. Scola referred Plaintiff's motion to the Undersigned for a Report and Recommendations. [ECF No. 57].

For the reasons discussed below, the Undersigned **respectfully recommends** the District Court **grant in part and deny in part** Plaintiff's motion to strike Defendants' affirmative defenses and also require Defendants to provide further detail about one of their affirmative defenses.

I.      **Background**

Plaintiff's Second Amended Complaint [ECF No. 33], as modified by the Court's Order [ECF No. 44], asserts the following causes of action against Defendants: fraudulent misrepresentation (Count I); negligent misrepresentation (Count II, as to Soliel); civil conspiracy (Count XI); negligent retention (Count XV, as to Soliel); Florida Deceptive and Unfair Trade Practices Act (Count XVI, as to Soliel); and false information negligently supplied for the guidance of others (Count XVII, as to Soliel).[1]

Defendants filed their First Amended Answer with Affirmative Defenses, asserting three affirmative defenses. [ECF No. 53].[2]

Plaintiff now asks this Court to strike all three of Defendants' affirmative defenses.

II.     **Legal Standard**

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "Courts 'have broad discretion when

---

[1]     Some of the causes of action listed above are also asserted against other defendants in this matter.

[2]     This is Defendants' second attempt to assert affirmative defenses. Defendants filed their first answer and asserted ten affirmative defenses [ECF No. 45] on November 4, 2021. Plaintiff moved to strike all ten affirmative defenses. [ECF No. 47]. In response, Defendants filed both a response in opposition [ECF No. 51] to Plaintiff's motion and the instant amended answer, asserting three affirmative defenses. [ECF No. 53]. As a result, the District Court denied as moot Plaintiff's prior motion to strike Defendants' affirmative defenses. [ECF No. 55].

considering a motion to strike,' however, 'striking defenses from a pleading' remains a 'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quoting *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013)).

There is presently a split in this District about whether the higher pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. *Compare In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 649-50 (S.D. Fla. 2015) (applying heightened pleading standard) *with Brito v. Palm Springs Mile Assocs., Ltd.*, No. 20-24701-CIV, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.) ("Affirmative defenses are not held to the same pleading standard as claims for relief.").

The Undersigned agrees with the reasoning of those cases applying a lower pleading standard to affirmative defenses. *See, e.g., Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *2 (S.D. Fla. Nov. 22, 2017) (discussing difference between the language of Fed. R. Civ. P. 8(a) and (b)). More specifically, the Undersigned finds the reasoning in *Ramnarine v. CP RE Holdco 2009-1, LLC*, to be persuasive:

> "[T]he Eleventh Circuit has stressed **providing notice as the purpose** of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the

opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, *8 (N.D. Ga. June 13, 2011). Therefore, so long as Defendants' affirmative defenses **give** Plaintiffs **notice** of the claims Defendants will litigate, the defenses will be appropriately pled under Rules 8(b) and (c).

No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.)

(emphasis added).

Accordingly, the Undersigned will apply the lower pleading standard of Rule 8(b) to Defendants' affirmative defenses, focus on notice as the primary purpose and factor in the rule that motions to strike seek drastic remedies and are disfavored.

## III.   Analysis

Defendants assert three affirmative defenses:

### As and for a First Affirmative Defense

120. Defendants repeat and reallege each and every allegation set forth in paragraphs numbered "1" through "119" of this Answer with the same force and effect as though more fully set forth herein.

121. Plaintiffs' [sic] alleged damages, if any are a result of its own conduct in connection with Wish Paradise Corp. denying to proceed with the transaction.

122. Plaintiff's Complaint is barred by the culpable conduct of Plaintiff and must be dismissed.

<u>As and for a Second Affirmative Defense</u>

123. Defendants repeat and reallege each and every allegation set forth in paragraphs numbered "1" through "122" of this Answer with the same force and effect as though more fully set forth herein.

124. In the event the court determines Plaintiff is entitled to any recovery as against Defendants, Plaintiff's recovery must be reduced and/or barred by its mitigation of damages, including but not limited to by insurance or otherwise.

<u>As and for a Third Affirmative Defense</u>

125. Defendant [sic] repeats and realleges each and every allegation set forth in paragraphs numbered "1" through "124" of this Answer with the same force and effect as though more fully set forth herein.

126. Defendant [sic] reserves the right to rely upon such other affirmative defenses as may be supported by the facts to be determined by complete and full discovery.

[ECF No. 53, pp. 9-10].

Plaintiff contends that these affirmative defenses must be stricken or treated as denials because they are conclusory, fail to provide notice, and do not admit any cause of action. [ECF No. 56, p. 5]. Defendants maintain that their affirmative defenses are not invalid or patently frivolous and therefore, the instant motion should be denied. [ECF No. 60, p. 4]. The Undersigned will address each affirmative defense in turn.

The first affirmative defense asserts that Plaintiff's damages were caused by its own conduct and that the Complaint is barred by this culpable conduct. Plaintiff argues that this affirmative defense provides it with no notice as Defendants do not identify the culpable conduct.

Although Plaintiff complains that the first affirmative defense is insufficiently detailed because it does not identify the culpable conduct, the Undersigned finds that the first affirmative defense, generic and detail-free as it may be, should not be *stricken* on this ground. *See Wight v. Bluman*, No. 9:20-CV-81688, 2021 WL 2783878, at *4 (S.D. Fla. July 2, 2021) (providing other relief for a vague defense but declining to *strike* affirmative defense which stated in its entirety "[w]ithout admitting any damages, [p]laintiffs' purported injuries have been caused, in whole or in part, by [p]laintiff's own conduct, actions, omissions, delay or failure to act").

The defense provides *some* notice but it is still somewhat vague.

The defense is an avoidance-type of defense and, if sufficiently specific, would be permissible.[3]

At bottom, the defense is conclusory, detail-free and merely uses boilerplate language which does not pinpoint the specific conduct which purportedly makes Plaintiff responsible for its own damages. In other words, the defense is vague. The conclusory allegation, without any further explanation as to what conduct or omission Defendants are referring to, "fails to 'serve the laudable purpose of placing Plaintiff[s] and the Court on notice of certain issues which Defendant[s] intend[ ] to assert against Plaintiff['s]

---

[3]     To be sure, "[w]hen a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015). But this defense is not a denial. It is, instead, a defense that Plaintiff is responsible for its own damages.

claims.'" *Wight*, 2021 WL 2783878, at *4 (quoting *Inlet Harbor Receivers, Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 608-CV-346-ORL-19DAB, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008)).[4]

Given the fact-free nature of this first defense, the Undersigned *could* strike it. However, the defense, as pled, gives Plaintiff at least a general idea of the underlying theory, albeit without mentioning the precise conduct involved. Therefore, the Undersigned will provide an alternate type of relief designed to provide Plaintiff with more details about the defense. Specifically, the Undersigned **respectfully recommends** that Judge Scola **deny** the motion to strike but require Defendants to **provide a more definite statement** of their first affirmative defense, giving notice of the conduct or omission which supposedly makes Plaintiff responsible for its own damages, within seven days. *See generally Wight*, 2021 WL 2783878 (denying motion to strike tenth affirmative defense but requiring a more definite statement of the tenth affirmative defense).

---

[4]     Additionally, although this first affirmative defense does not expressly say that the allegations are admitted before asserting a defense, this omission is insufficient to cause the defense to be deemed invalid. In this District, it is unusual for affirmative defenses to include the actual phrase "Defendant admits the allegations but raises the affirmative defense of ____." In fact, in *Wight*, the defense at issue expressly noted that it was being asserted without admitting damages. 2021 WL 2783878, at *4.

The second affirmative defense states that if Plaintiff prevails in this action, its recovery against Defendants "must be reduced and/or barred by its mitigation of damages, including but not limited to by insurance or otherwise." [ECF No. 53, ¶ 124].

Plaintiff argues that the second affirmative defense is a shotgun pleading because it incorporates by reference the prior affirmative defense. Plaintiff further argues that the second affirmative defense should be stricken because it fails to provide "any notice whatsoever as to how, why, when, or where it could have mitigated any damages in this [c]ase." [ECF No. 56, p. 6]. Defendants respond that the failure to mitigate is a valid affirmative defense. [ECF No. 60, pp. 3-4].

At the outset, the Undersigned agrees with Plaintiff that Defendants' second affirmative defense (and the first and third affirmative defenses) is a shotgun pleading. "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam)). However, it would be inefficient to recommend the District Court strike Defendants' second affirmative defense (and the first and third affirmative defenses) as a shotgun pleading with leave to re-plead. Rather, the more efficient way to address Defendants' improper use of the "shotgun" format is to recommend the District Court strike those paragraphs of the first two affirmative

defenses (paragraphs 120 and 123)[5] that incorporate by reference the preceding paragraphs.

As to Plaintiff's second contention, the Undersigned finds that the second affirmative defense is sufficient. As noted earlier, "[t]he purpose of pleading affirmative defenses is to provide fair notice to the plaintiff of issues that may be raised at trial." *Southern-Owners Ins. Co. v. Phonex Realty Homes, Inc.*, No. 5:20-CV-384-OC-30PRL, 2020 WL 9209277, at *1 (M.D. Fla. Dec. 9, 2020). The second affirmative defense tells Plaintiff that Defendants will seek to reduce Plaintiff's damages to the extent Plaintiff failed to mitigate, minimize, or avoid the damages. No additional information is needed. Unlike the first affirmative defense, which merely says that Plaintiff is responsible for its own damages, the failure to mitigate defense does not need further detail for Plaintiff to know what defense theory is being articulated. If Plaintiff wants further detail about this defense, then it can propound discovery about it.

The third affirmative defense seeks to reserve the right to assert additional affirmative defenses in the future. It simply purports to reserve Defendants' ability to assert more affirmative defenses. It is, for all intents and purposes, a nullity.  It does not, by itself, preserve anything. If Defendants want to assert another affirmative defense, then they will need to obtain Court approval to file an amended answer. Because the

---

[5]     It is not necessary to recommend striking the corresponding paragraph (paragraph 125) from Defendants' third affirmative defense because, as discussed below, Defendants' third affirmative defense should be stricken as a nullity.

9

third affirmative defense serves no purpose, it should be **stricken**. *See Denarii Sys., LLC v. Arab*, No. 12-24239-CIV, 2013 WL 500826, at *9 (S.D. Fla. Feb. 11, 2013) (striking as a nullity affirmative defense seeking to reserve the right to assert additional defenses).

## IV.     Conclusion

For the foregoing reasons, the Undersigned **respectfully recommends** the District Court **grant in part and deny in part** Plaintiff's motion to strike Defendants' affirmative defenses. The Court should require Defendants to provide a more definite statement of the first affirmative defense within seven days and **strike with prejudice** the third affirmative defense. The Court should also strike paragraphs 120 and 123 of the affirmative defenses to remedy Defendants' improper use of the shotgun pleading format.

## V.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on February 2, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record