United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| BluestarExpo, Inc., Plaintiff, | ) ) ) ) ) ) | Civil Action No. 21-20875-Civ-Scola |
| v. | | |
| Jay L. Enis and others, Defendants. | | |

**<u>Order Adopting Magistrate Judge's Report and Recommendations Regarding Sanctions</u>**

    This matter was referred to United States Magistrate Judge Jonathan Goodman, for a report and recommendations on the Plaintiff's motion for sanctions against Defendant Soleil Chartered Bank for discovery violations. (ECF No. 86.) Thereafter, Judge Goodman issued a report, recommending that the Court grant the motion, in part, and deny it, in part. (Rep. of Magistrate, ECF No. 99.) Soleil has objected to Judge Goodman's report and recommendations (Def.'s Objs., ECF No. 104) and Bluestar has responded to those objections (Pl.'s Resp., ECF No. 105).[1] The Court has reviewed—de novo—the entirety of Judge Goodman's report, the record, the briefing, and the applicable law, and **overrules** Soleil's objections (**ECF No. 104**), **adopting** Judge Goodman's report and recommendations (**ECF No. 99**) in full, finding it cogent and compelling.

    Soleil's objections amount to, primarily, a rehashing of the arguments presented to Judge Goodman. In sum, Soleil has not identified any actual error in Judge Goodman's analysis and the Court agrees with Judge Goodman's assessment of the facts, determining his conclusions to be legally sound: the severe sanction of striking Soleil's pleadings is abundantly warranted in this case.

    Accordingly, and for the following reasons, the Court **grants** Bluestar's motion (**ECF No. 85**), **in part**, thus striking Soleil's pleadings and granting Bluestar's fee request, as to entitlement, directing Bluestar to follow the Federal Rules of Civil Procedure, the Court's Local Rules, and Judge Goodman's directions, as to determining the amount of such fees.

---

[1] In its response to Soleil's objections, Bluestar submits the Court should hold Soleil and individual Defendants Govind Srivastava and Syed Abbas in contempt. The Court finds Bluestar's contention unavailing. First, while Bluestar may have mentioned contempt, generally, in its sanctions motions, it does not appear it ever fleshed out an argument, supporting contempt, in this case, before Judge Goodman. For that reason alone, Bluestar's argument fails. *See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).* ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Secondly, Bluestar improperly raises this argument in response to Soleil's objections, rather than submitting its own objections.

Because the Court strikes Soleil's pleadings, it **directs the Clerk** to enter a **Clerk's default** against Defendant Soleil Chartered Bank. But, as Judge Goodman points out, by virtue of the possibility of inconsistent judgments in this case, the entry of a default judgment, at this time, would be inappropriate. Accordingly, once liability has been resolved as to all the Defendants in this case, Bluestar may move for the entry of a default judgment against Soleil, no later than **fourteen days** after the resolution of liability as to the non-defaulted Defendants.[2] Bluestar's failure to file a motion for default judgment against Soleil within the specified time will result in a dismissal, without prejudice, as to Soleil.

**Done and ordered**, at Miami, Florida, on September 2, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] The motion for default judgment must include affidavits of any sum certain due from Soleil, and any other supporting documentation necessary to determine Bluestar's measure of damages. The motion must also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; and (2) a proposed order granting the motion for default judgment; and entering final judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders must be submitted to the Court by e-mail in Word (.doc) format at scola@flsd.uscourts.gov. Bluestar must send a copy of the motion to Soleil's counsel, or to Soleil directly if it does not have counsel. In the certificate of service, Bluestar must indicate that notice was sent and the addresses where the notice was sent.