United States District Court
for the
Southern District of Florida

| | |
|---|---|
| BluestarExpo, Inc., Plaintiff, ) | |
| ) | |
| v.     ) | Civil Action No. 21-20875-Civ-Scola |
| ) | |
| Jay L. Enis and others,  ) | |
| Defendants.   ) | |

## Omnibus Order

In preparation for the trial of this case and the upcoming calendar call, the Court (1) **denies** Plaintiff BluestarExpo, Inc.'s motion for leave to allow non-party witnesses to testify remotely (Pl.'s Mot. for Leave, **ECF No. 148**); (2) orders the parties to resubmit their deposition designations on or before **October 24, 2022**; and (3) orders the parties to submit (A) a joint notice identifying those aspects of Defendants Jay L. Enis, The Enis Family Trust, and R & T Pharmacy Corp.'s (collectively, the "Enis Defendants") motion in limine that have been obviated; and (B) an amended joint pre-trial stipulation on or before **October 28, 2022**.

1. **Bluestar's Motion for Leave to Present Remote Testimony**

Bluestar asks that the Court permit it to present remote testimony from two non-party witnesses whom Bluestar describes a "key" witnesses, one of whom has been deposed and one who hasn't. One of the witnesses, Rabbi Abraham Nussenzweig, lives in New York, and the other, Owais Khan, lives in Turkey. In support of presenting both witnesses' testimony remotely, via video conferencing, Bluestar complains about the significant expenses and burdens that Bluestar and the witnesses would incur in being required to travel to Miami to attend the trial in this case in person. Bluestar also points to extraordinary difficulties it had in simply arranging Nussenzweig's remote deposition. Bluestar also maintains that it would be significantly prejudiced if remote testimony is not allowed because of how important this testimony is to its case: Nussenzweig was the link between Enis and Defendant Soleil Chartered Bank and was paid for $100,000 for his participation; and Khan was the broker who arranged the transaction between Bluestar and Wish Paradise Corporation for the sale of $285 million worth of nitrile gloves and who presented the Soleil comfort letter to Wish. Between the importance of these witnesses' testimony and, as Bluestar presents it, the near impossibility of securing either's presence at the trial, Bluestar insists it should be allowed to

present their testimony remotely. The Defendants object to the presentation of this remote testimony, complaining, among other reasons, that the circumstances here are not compelling such that they would amount to good cause. (Enis Defs.' Resp., ECF No. 160; Soleil Defs.' Resp. ECF No. 161.) Further, they point to the distractions and inadequacies of video testimony as compared to in-person testimony, better affording jurors the opportunity to "look[] a witness in the eye," and "judge the demeanor of a witness face-to-face." (Enis Defs.' Resp. at 6 (cleaned up).)

The Court does not find the remote testimony of these two particular witnesses, in this case, warranted. Under Federal Rule of Civil Procedure 43(a), the Court "may permit testimony in open court by contemporaneous transmission from a different location" upon a finding of "good cause in compelling circumstances." Fed. R. Civ. P 43(a). Where one side is resisting the presentation of remote testimony, as here, the movant's burden of establishing "good cause in compelling circumstances" is no doubt more arduous—especially where the trial is by jury rather than by bench. In this light, the Court finds Bluestar's presentation here falls short. "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment. Bluestar does not proffer any unexpected reasons that would support a finding of good cause here. Instead, it complains mostly of the inconvenience of the witnesses, or in the case of Nussenzweig, his outright refusal to travel, without explanation, which both fall far short of the required showing here. *See id.* ("Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."). Without more, Bluestar has failed to convince the Court, in the face of the Defendants' objections, that the Court should permit remote testimony to be presented to the jury in this case. The difficulties in procuring in-person testimony here were all reasonably foreseeable.

**2. Deposition Designations**

The parties have submitted deposition designations, objections to those designations, counter-designations, and objections to those counter-designations (ECF Nos. 145, 146, 147, 149, 156, 158.) To facilitate the Court's prompt review of the parties' objections, the parties must jointly submit **one** document which sets forth each party's objections to each deposition designation or cross-designation. The document must have the name and date of the deposition of the witness as a heading and then columns setting forth: (1) the page and line numbers of the objection; (2) which party is making the

objection; (3) the legal basis for the objection; and (4) space for the Court's ruling. This format was utilized by the Court in its order on objections to deposition designations and counter-designations (ECF No. 86) in *Lucas v. Royal Caribbean Cruises*, 19-cv-20914 (S.D. Fla. May 24, 2020), which the parties should use as a guide.

The parties must email a word version of this document to chambers (scola@flsd.uscourts.gov). The parties must also (1) <u>certify that the witnesses who are designated will definitely not be testifying at trial</u>; and (2) provide the Court with .pdf courtesy copies, to the same email address, of the depositions of those non-appearing, designated witnesses. Any depositions of witnesses whose testimony is unexpectedly to be presented at trial by deposition will be reviewed by the Court during trial. The parties must re-submit their designations and objections and provide the Court with the depositions, as set forth above, on or before **October 24, 2022**.

### 3. Pretrial Stipulation and Motion In Limine

The parties' joint pretrial stipulation and the Enis Defendants' motion in limine were submitted prior to the Court's ruling on the parties' motions for summary judgment. Since that order has significantly changed the landscape of this litigation, the Court believes some of the issues identified as disputed have been obviated. Accordingly, the Court orders the parties to immediately confer and then, on or before **October 28, 2022**, to (1) jointly identify any aspects of the Enis Defendants' motion in limine that no longer require the Court's intervention and (2) file an amended joint pretrial stipulation, modifying it to excise any aspects pertaining to the issues that have been disposed of by the Court's summary-judgment order.

**Done and ordered**, at Miami, Florida, on October 17, 2022.

_____
Robert N. Scola, Jr.
United States District Judge