UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 21-20875-CIV-SCOLA/GOODMAN

BLUESTAREXPO, INC.,

      Plaintiff,

v.

JAY ENIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON ATTORNEYS FEES

Plaintiff Bluestarexpo, Inc. ("Bluestar" or "Plaintiff") seeks attorney's fees pursuant to the Court's Order adopting the Undersigned's Report and Recommendations on Bluestar's motion for sanctions against Defendant Soleil Chartered Bank ("SCB" or "Soleil"). [ECF Nos. 99; 153; 166]. Defendant filed a response in opposition and Plaintiff filed an optional reply. [ECF Nos. 168; 169]. At the Undersigned's direction, Plaintiff filed revised billing records. [ECF Nos. 192; 196-1].

United States District Judge Robert N. Scola, Jr. referred the instant fees motion to the Undersigned "for either an order or a report and recommendations, consistent with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Magistrate Judge Rules." [ECF No. 167]. For the reasons discussed in detail below, the

Undersigned **respectfully recommend**s that the District Court **grant in part and deny in part** Plaintiff's motion.

## I.   Entitlement

The Undersigned issued a Report and Recommendations recommending that the District Court grant in part and deny in part Bluestar's motion for sanctions against SCB due to SCB's discovery violations in this case. [ECF No. 99]. Judge Scola overruled SCB's objections and adopted the Undersigned's Report and Recommendations. [ECF No. 153].

Federal Rule of Civil Procedure 37(b)(2)(C) provides for the imposition of sanctions (including attorney's fees) for the failure to comply with a court's discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

The Court has already determined that attorney's fees pursuant to Rule 37(b)(2)(C) are merited in this case. [ECF Nos. 99, p. 28 ("Bluestar should be awarded the reasonable expenses it incurred in attempting to obtain Soleil's compliance with the Court's discovery Orders because Soleil's purported reason for withholding the discovery (the Liechtenstein blocking law) was not substantially justified."); 153 (Order adopting Report and Recommendations)]. Therefore, Plaintiff is entitled to an award of reasonable attorney's fees.

2

## II.      Amount

Initially, Plaintiff sought an award of $31,932.50 in attorney's fees. [ECF No. 169, p. 7].[1] In its notice of filing revised billing records, Bluestar made minor revisions. [ECF No. 196]. Specifically, "Bluestar wrote down the unredacted time entry of Ms. Solis on April 6, 2022 from 2.5 [hours] to 1.5 [hours]" and made revisions to the text of "Mr. Sandler's redacted time entry on May 16, 2022." [ECF No. 196, p. 1]. Therefore, Bluestar's updated fee request is $31,807.50.

This amount is allocated as follows:

| Timekeepers | Original Hours [ECF No. 166, pp. 2-3] | Reduction Made in Revised Fee Request [ECF No. 196, p. 1] | Fees Requested in Reply [ECF No. 166-1] | New Total Number of Hours | Requested Rates [ECF No. 166, pp. 2-3] | Total Amount Sought |
|---|---|---|---|---|---|---|
| Robert A. Stok | 31.0 | | | 31.0 | $625.00 | $19,375.00 |
| Theodore Sandler | 8.7 | | 2.5 | 11.2 | $350.00 | $3,920.00 |
| Julieta Gomez de Mello | 27.6 | | | 27.6 | $250.00 | $6,900.00 |
| Sandra Solis | 11.7 | 1.0 (2.5 minus 1.5) | | 10.7 | $125.00 | $1,337.50 |
| Allison Bolanos | 2.2 | | | 2.2 | $125.00 | $275.00 |
| **Total Hours** | 81.2 | | | **82.70** | | **$31,807.50** |

---

[1]      This amount includes an additional $875.00 for work related to the optional reply. [ECF No. 169-1, p. 2].

3

SCB argues that the Court should deny Plaintiff's fee request in its entirety or "dramatically" reduce it because "Plaintiff has . . . filed an application for what can only be said to be an outrageous figure, for what is essentially the filing of one motion." [ECF No. 168, p. 2].

Although Local Rule 7.3(a) states that "[w]ithin fourteen (14) days after service of the motion, **the respondent shall describe with reasonable particularity each time entry . . . to which it objects**, both as to issues of entitlement and as to amount, **and shall provide supporting legal authority**," S.D. Fla. L.R. 7.3(a) (emphasis added), SCB's response identifies with particularity only one objected-to time entry and provides no legal authority. [ECF No. 168, p. 2 ("The billing also includes attending a deposition of Mr. Abbas, which would have been required in any event, as he is a defendant in this action.")].

SCB also states that "[t]his [C]ourt has issued two fee shifting awards in the amount of $1,000 . . . [per] occurrence in connection with issues relating to Lichtenstein Blocking Laws." *Id.* It is unclear whether this is an observation or an argument. To the extent that SCB is arguing that Plaintiff is not entitled to attorney's fees because they have already recovered *some* attorney's fees under Fed. R. Civ. P. 37's fee-shifting provision, that concern is not present here.

The Undersigned's May 16, 2022 Report and Recommendations specifically directed Plaintiff to carve out the time which Plaintiff had already recovered through the

Court's two fee-shifting awards. [ECF No. 99, pp. 28-29 ("[B]ecause Bluestar has already received a fee-shifting award of $1,000.00 in connection with the January 6, 2022 discovery hearing [ECF No. 62] and a fee-shifting award of $1,000.00 in connection with the February 10, 2022 hearing [ECF No. 67], any subsequent fee application filed by Bluestar should not include expenses addressed at those hearings.")]. There is no danger of overlap here because Plaintiff's billing records, which begin on March 7, 2022, *post-date* the two $1,000.00 fee-shifting awards imposed by the Court.

In its reply, Bluestar argues that SCB's objections should be overruled due to SCB's "egregious" non-compliance with the Local Rules. [ECF No. 169, p. 4].

The Undersigned agrees with Plaintiff that SCB failed to comply with Local Rule 7.3. Even so, "the Court has an **independent obligation** to review fee motions . . . to independently determine whether the hourly rates sought are reasonable [and that] the number of attorney hours sought are reasonable." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (emphasis added). Therefore, the Undersigned's analysis here will carefully review Plaintiff's billing records to arrive at a reasonable fee amount.

A.     **Hourly Rates**

The Supreme Court has held that a reasonable hourly rate is to be measured by prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886 (1984). In determining the prevailing market rate, the court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services,

the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)).

Plaintiff seeks hourly rates ranging from $250.00 to $625.00 for its three attorney timekeepers and seeks $125.00 for work performed by two paralegals. Plaintiff offers no insight into the reputation, skill, background, or experience of any of its timekeepers. Plaintiff does not attach any declarations or affidavits, *curricula vitae*, firm bios, case law awarding similar hourly rates for these timekeepers or comparable timekeepers, or other information which would assist the Court in assessing the reasonableness of the hourly rates sought.

The information in Plaintiff's motion is limited to the year each attorney timekeeper was admitted to various state bars and the position each attorney timekeeper holds in the firm. [ECF No. 166, p. 2].[2] As to the paralegal timekeepers, Plaintiff discloses

---

[2]      Plaintiff's reply attempts to support the reasonableness of the requested hourly rates, but does so in a conclusory manner. [ECF No. 169, pp. 6-7 ("The rates set forth in the Fee Motion are in fact at or below market for legal services in the South Florida Market for attorneys of the experience and stature of Bluestar's counsel. Mr. Stok's rate of $625 for a partner in practice for over thirty years is at or below accepted norms in the market, and this rate has been in place for many years and has been charged to innumerable clients of his firm, Stok Kon + Braverman. The associates' hourly rates of $350 for Mr. Sandler, an attorney with five years of experience, and $250 for Ms. Gomez de Mello, an attorney with four years of experience are at or below market rates as well.")].

the year each paralegal became a paralegal and that Ms. Solis received her Paralegal Studies Certification in 2018. *Id.* at 3.

Nonetheless, the Court is itself an expert on fees and "may rely on its own experience in determining reasonableness of fees." *Ayala v. Miami Cuban Link Jewelry, Inc.*, No. 22-CV-21738, 2022 WL 4598660, at *3 (S.D. Fla. Sept. 30, 2022) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.")); *Behav. Analyst Certification Bd., Inc. v. Rodriguez*, No. 1:21-CV-22834, 2022 WL 4468606, at *13 (S.D. Fla. July 29, 2022), report and recommendation adopted as modified, No. 21-22834-CIV, 2022 WL 4466621 (S.D. Fla. Sept. 26, 2022) ("When the submitted 'documentation is insufficient,' a district court's 'decision regarding the appropriate hourly rate may be made by . . . relying upon the court's expertise.'" (quoting *Valley*, 82 F. Supp. 3d at 1326)).

### 1.    Attorney Hourly Rates

Plaintiff seeks an hourly rate of $625.00 for Robert A. Stok, who is a named partner at the law firm of Stok Kon + Braverman and has been admitted to the Florida Bar for approximately 32 years. [ECF No. 166, p. 2]. "[J]udges in this district . . . [have] found $625 and $675 to be reasonable hourly rates in this community for partners at top law

firms." *Roche Diagnostics Corp. v. Surplus Diabetic, Inc.*, No. 19-CV-61469, 2020 WL 8082367, at *7 (S.D. Fla. July 6, 2020), report and recommendation adopted sub nom. *Roche Diagnostics Corp. v. Amexpo Int'l, LLC*, No. 19-CIV-61469-RAR, 2020 WL 8079821 (S.D. Fla. July 21, 2020).

As noted above, Plaintiff chose not to provide more than extremely basic factual support for the requested hourly rates of its timekeepers. Based on the limited information provided and the Court's own expertise on fees, the Undersigned recommends a $500.00 hourly rate for Mr. Stok. *See Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *5 (S.D. Fla. Feb. 14, 2019), report and recommendation adopted, No. 18-80044-CIV, 2019 WL 1216205 (S.D. Fla. Mar. 7, 2019) (finding "a $500.00 hourly rate [was] a reasonable rate . . . [for] a named partner with almost 40 years of experience"); *Meyrowitz v. Brendel*, No. 16-81793-CV, 2018 WL 4440492, at *4 (S.D. Fla. Sept. 17, 2018) (in case involving the imposition of sanctions, finding "a $500.00 hourly rate [was] a reasonable rate . . . for . . . a managing partner with more than forty years of experience").

Plaintiff seeks to recover $350.00 per hour for Theodore Sandler, who is an associate at the law firm representing Plaintiff in this case. Mr. Sandler was admitted to the New York Bar in 2018 and to the Florida Bar in 2019. But the Undersigned has no information concerning Mr. Sandler's work experience. For instance, Mr. Sandler could have been admitted to the New York Bar and immediately began working as an attorney,

or he could have worked in a non-legal profession for a few years before accepting an associate position at the law firm of Stok Kon + Braverman. The Undersigned does not know because Plaintiff did not provide this information.

Based on the limited information provided for Mr. Sandler and the Court's own expertise, the Undersigned recommends an hourly rate of $250.00. *See Brickell E. Condo. Ass'n, Inc. v. Indian Harbor Ins. Co.*, No. 18-24791-CIV, 2020 WL 869725, at *5 (S.D. Fla. Jan. 10, 2020), report and recommendation adopted, No. 18-CV-24791, 2020 WL 9458716 (S.D. Fla. June 16, 2020) (reducing the hourly rate of associates with more than three years' experience from $450.00 an hour to $250.00 an hour); *Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17-22462-CIV, 2019 WL 12265725, at *4 (S.D. Fla. Dec. 20, 2019), report and recommendation adopted in part, No. 17-CV-22462-UU, 2020 WL 9458710 (S.D. Fla. Mar. 9, 2020), and report and recommendation adopted, No. 1:17-CV-22462, 2020 WL 9458712 (S.D. Fla. Mar. 17, 2020), aff'd sub nom. *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 20-11413, 2021 WL 5568164 (11th Cir. Nov. 29, 2021) (approving hourly rate of $250.00 for attorney who had practiced for over four years).

Finally, Plaintiff seeks to recover $250.00 per hour for associate attorney Julieta Gomez de Mello, who did not enter an appearance in this case. Ms. Gomez de Mello was admitted to the New Jersey Bar in 2019 and the Florida Bar in 2022. [ECF No. 166, p. 2].

Plaintiff's motion lists the year (but not the date) when Ms. Gomez de Mello was admitted to the Florida Bar. *Id.* The Florida Bar website (https://www.floridabar.org) lists

Ms. Gomez de Mello's admission date as September 19, 2022. Plaintiff's revised billing records seek to recover time billed by Ms. Gomez de Mello from March 7, 2022 to September 2, 2022, [ECF No. 196-1], before Ms. Gomez de Mello became a Florida licensed attorney. Moreover, even after her admission to the Florida Bar, Ms. Gomez de Mello has not sought admission to the Southern District of Florida.[3]

The Court expects candor from attorneys practicing before it. *See Bent v. Wilson*, No. 6:21-CV-75-WWB-EJK, 2022 WL 16552665, at \*2 (M.D. Fla. Oct. 31, 2022) ("[O]fficers of the court . . . have a duty of candor to the tribunal.") (citing Fla. Bar Rule 4–3.3(a)(1) and *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). The date of Ms. Gomez de Mello's very recent admission to the Florida Bar and her not-admitted status to the Bar of this Court should have been (but were not) disclosed by Plaintiff.

In *Ramones v. AR Res., Inc.*, this Court found that an attorney who was "not admitted to the Southern District of Florida nor to The Florida Bar" and was "not and never sought to be admitted *pro hac vice* to this district" was "not entitled to be compensated as an admitted attorney in th[e] action." No. 19-62949-CIV, 2022 WL

---

[3]     A search of Ms. Gomez de Mello by first name, last name, or Florida Bar number (FBN 1038624) on the Southern District of Florida's CM/ECF Attorney Database (https://www.flsd.uscourts.gov/flsd-bar-admission-status-and-admission-date-look)     reveals that Ms. Gomez de Mello is not listed on the roll of attorneys entitled to practice before this Court. Additionally, the Undersigned's Chambers spoke to the Attorney Admissions Department, and they have no record of an application for admission having been submitted for Ms. Gomez de Mello.

1443062, at *3 (S.D. Fla. May 6, 2022). This Court reduced the attorney's requested hourly rate from $435.00 an hour to $200.00 an hour, based on her "training and skill."[4] *Id.* *4 (noting that "in *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020), the Eleventh Circuit, in evaluating a reduced EAJA attorney hourly rate for a non-admitted attorney[], held that the district court was required to determine the prevailing market rates for non-admitted attorneys based on those attorneys' training, skill, and experience").

In *Venus Concept USA Inc. v. Smith High Inc.*, this Court, citing *Ramones*, reduced the hourly rate of an attorney who had "been a practicing lawyer for three years and [was] admitted in two other jurisdictions" but "was not admitted to practice in this Court and did not enter a formal appearance as [the] [p]laintiff's counsel," finding a "rate of $150.00 [was] commensurate with her experience and the market rate for similar services provided by non-admitted attorneys." No. 1:21-CV-21558-KMM, 2022 WL 7609495, at *3 (S.D. Fla. Sept. 28, 2022), report and recommendation adopted, No. 1:21-CV-21558-KMM, 2022 WL 7514591 (S.D. Fla. Oct. 13, 2022).

---

[4]     The non-admitted attorney in *Ramones* had graduated from "Columbia Law School in 2006," was "admitted to the District of Columbia bar, and the state bars of Maryland, Viriginia [sic], New York, and Pennsylvania," "[was] admitted to practice in a [sic] numerous U.S. Courts of Appeal," and had "regularly represent[ed] consumers against large companies." 2022 WL 1443062, at *3.

The Undersigned similarly finds that Ms. Gomez de Mello's hourly rate must be reduced. During the time period for which Plaintiff is seeking a fee award for work performed by Ms. Gomez de Mello, she had been admitted to practice law in New Jersey for approximately three years but had not yet been admitted to the Florida Bar and did not move to appear *pro hac vice* in this case. Therefore, like the attorneys in *Ramones* and *Venus Concept USA Inc.*, Ms. Gomez de Mello should be compensated as a non-admitted attorney (rather than as an admitted attorney). Based on the limited information provided by Plaintiff, the Undersigned finds that Ms. Gomez de Mello's background is more commensurate with the non-admitted attorney in *Venus Concept USA Inc.* than the non-admitted attorney in *Ramones*, and will recommend the same $150.00 hourly rate awarded in *Venus Concept USA Inc.*

### 2.    Paralegal Rate

Plaintiff also seeks to recover for the work performed by two paralegals: Sandra Solis and Allison Bolanos. Plaintiff states that Ms. Solis has been a paralegal since 2012 and received her Paralegal Studies Certification in 2018. Ms. Bolanos has been a paralegal since 2018. The Undersigned finds the requested hourly rate of $125.00 to be reasonable for both Ms. Solis and Ms. Bolanos.[5] *See Caplan v. La Familia Auto Sales, Inc.*, No. 21-CV-61783, 2022 WL 5199484, at *2 (S.D. Fla. Sept. 19, 2022), report and recommendation

---

[5]    As will be discussed below, however, Ms. Bolanos' time entries consist entirely of clerical work and should be excluded from the fee award.

adopted, No. 21-CIV-61783-RAR, 2022 WL 5170789 (S.D. Fla. Oct. 4, 2022) (observing that "[t]he $125 paralegal rate . . . is often (though not always) a reasonable paralegal rate in this market for paralegals with at least a few years of relevant experience"); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14–60268–CIV, 2016 WL 3944033, at *5 (S.D. Fla. Jan. 15, 2016) (finding that $125 per hour was reasonable fee for a paralegal); *ABC Charters, Inc. v. Bronson*, No. 08–21865CIV, 2010 WL 1332715 (S.D. Fla. Mar. 16, 2010) (finding $125 per hour to be reasonable for paralegals and law clerks).

In sum, the Undersigned respectfully recommends that Plaintiff be awarded the following hourly rates for its timekeepers:

| Timekeepers | Requested Hourly Rates [ECF No. 166, pp. 2-3] | Recommended Hourly Rates |
|---|---|---|
| Robert A. Stok | $625.00 | $500 ($125.00 reduction) |
| Theodore Sandler | $350.00 | $250.00 ($100.00 reduction) |
| Julieta Gomez de Mello | $250.00 | $150.00 ($100.00 reduction) |
| Sandra Solis | $125.00 | $125.00 (no reduction) |
| Allison Bolanos | $125.00 | $125.00 (no reduction) |

Having determined reasonable hourly rates, the Court must next evaluate the reasonableness of the total hours expended in this case.

### B.     Reasonable Hours

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434

13

(1983); *Cil*, 2018 WL 11348823, at *6 ("[I]f the fee applicant does not exercise the required 'billing judgment,' then the district court is **obligated** to reduce the number of hours and 'prun[e] out those that are excessive, redundant or otherwise unnecessary.'" (quoting *A.C.L.U. v. Barnes*, 168 F.3d 428 (11th Cir. 1999) (emphasis in original))).

If a court determines that the number of hours is unreasonably high, then "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436–37; *see also Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (approving across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount).

Plaintiff seeks to recover a total of 82.7 hours for work performed by three attorneys and two paralegals. These hours were apportioned as follows: 31.0 hours for Mr. Stok, 11.2 hours for Mr. Sandler, 27.6 hours for Ms. Gomez de Mello, 10.7 hours for Ms. Solis, and 2.2 hours for Ms. Bolanos.

The amount of time expended by Plaintiff's timekeepers is excessive and must be reduced. "Where excessive time has been billed, rather than make line-by-line reductions, a court 'may engage in "an across-the-board cut" so long as it provides adequate explanation for the decrease.'" *Flava Works, Inc. v. A4A Reseau, Inc.*, No. 14-23208-CIV, 2015 WL 11233073, at *2 (S.D. Fla. Apr. 7, 2015) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)); *see also Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1305 (S.D.

Fla. 2015) ("[W]hen the number of hours involved is very high, the Court can conclude that an hour-by-hour analysis is impractical.").

Here, Plaintiff's revised billing records reflect 82.7 hours of attorney and paralegal time. Courts have applied an across-the-board percentage reduction (as opposed to an hour-by-hour analysis) in cases involving less hours. *See, e.g., Grubbs v. A-1 Gutters & More, LLC*, No. 17-14304-CIV, 2018 WL 4410914, at *3 (S.D. Fla. June 29, 2018) (applying an across-the-board percentage reduction to 47.48 hours of attorney time); *Simmons v. Twin 918 Inc.*, No. 19-CV-23737, 2019 WL 7283218, at *4 (S.D. Fla. Dec. 27, 2019) (applying an across-the-board percentage reduction, rather than engaging in an hour-by-hour analysis, where billing entries totaled 45.66 hours); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-CV-81309, 2017 WL 8794779, at *3 (S.D. Fla. Nov. 30, 2017), report and recommendation adopted, No. 14-81309-CIV, 2018 WL 1795453 (S.D. Fla. Feb. 7, 2018) (applying an across-the-board reduction in case involving a total of 35.89 hours of attorney time).

The billing invoices submitted in support of the requested fees demonstrate that significant reductions to the hours sought are warranted to account for excessive time spent on certain tasks, duplicative work, vague time entries, block billing, tasks unrelated to the sanctions award, and clerical work.

Significant reductions to Plaintiff's hours are necessary to account for the lack of billing judgment evidenced in the billing invoices submitted to the Court. In this Report

and Recommendations, the Undersigned cites to the most obvious examples, but they are, by no means, the only examples of poor billing judgment in the revised billing records.

## Attorney Time

At the outset, the Undersigned notes that Mr. Stok and Ms. Gomez de Mello spent 19.70 hours[6] drafting, revising, and finalizing the 17-page motion for sanctions. [ECF No. 85]. On April 4, 2022, Mr. Stok alone billed 8.00 hours to "[r]eview and finalize memorandum of law." [ECF No. 196-1, p. 5].

Plaintiff's reply states that the sanctions:

[m]otion consisted of a seventeen-page, 1.5-line-spaced motion that set forth in detail why SCB could not claim that the corporate structure it had set itself up in prevented compliance with the Federal Rules of Civil Procedure. The motion cited to twenty individual cases in support and exhaustively analyzed this issue.

[ECF No. 169, pp. 5-6].

Even so, almost 20 hours is an excessive amount of time -- averaging more than an hour per page -- for drafting the motion.

This lack of billing judgment is also reflected in the time entries for the reply brief submitted in support of the sanctions motion. Mr. Stok and Ms. Gomez de Mello billed a total of 11.50 hours for preparing, reviewing, revising, and finalizing what was essentially

---

[6]     This amount does not include an additional 2.80 hours of legal research and 2.10 hours of preparation and conferrals. [ECF No. 196-1, pp. 1-3].

a five-page reply (because the sixth page consisted of only the certificate of service). [ECF No. 94].

Mr. Stok billed an *additional* 3.00 hours (not included in the 11.50-hour figure) on May 3, 2022 -- the day *after* the reply brief was filed with the Court -- to "[c]onduct legal research, and review and revise reply memo to Soliel." [ECF No. 196-1, p. 11]. It is unclear whether this time entry was inputted on the wrong day, but, in either case, the amount of time spent by Plaintiff's attorneys on the reply brief is unreasonable.

The Court should also reduce the requested number of hours to account for block-billed time entries, some which do not appear related to the sanctions motion. *See Behav. Analyst Certification Bd., Inc.*, 2022 WL 4468606, at *16 ("Block billing is impermissible because it frustrates the Court's ability to determine which portion of the fees billed at a particular time are recoverable." (citing *Filippova*, 2019 WL 1216166, at *6)).

For example, on May 5, 2022, Ms. Gomez de Mello billed 0.60 hours to:

[p]repare email to opposing counsel concerning lack of agreement as to adverse inference and plan to file motion for sanctions; discuss subpoena issued to Harmony Capital Group and Notice of deposition for Defendant Jan Enis and Trustee of The Enis Family Trust; multiple emails with David Van Leeuwen concerning good-faith conferral and his offer to stipulate to an adverse inference; confer with Robert A. Stok concerning same.

[ECF No. 196-1, p. 12].

The portion of the time entry concerning the issuance of a subpoena and the deposition notice concerning a different defendant are clearly not related to the sanctions

motion against SCB. But the time entry is block billed, so the Undersigned is unable to separate the tasks.

Another example of block-billed, partially non-compensable work is Mr. Sandler's May 16, 2022 time entry. *Id.* at 14. On that date, Mr. Sandler billed 2.70 hours to "review [the] order on [the] sanctions motion and review [the] case file to take over working on [the] case." *Id.* In addition to the use of block billing, SCB should not have to pay for Mr. Sandler to familiarize himself with the case, something he would have had to do anyway.

The amount of time Mr. Sandler billed (5.50 hours) for Plaintiff's seven-page response to SCB's objections to the Report and Recommendations is also inefficient and must be reduced. *Id.* at 15 ("[d]raft response to SCB objection and confer with Robert A. Stok regarding same; file same").

Due to Mr. Sandler's use of block billing, it is unclear whether he seeks compensation for filing the objections on CM/ECF. In addition to the inefficient time reflected in this entry, attorneys are not permitted to recover any time for filing documents on CM/ECF. *See Diaz v. Solmar Rest., Inc.*, No. 08-21379-CIV, 2009 WL 10667781, at *5 (S.D. Fla. Aug. 7, 2009) ("Among the clerical tasks being disallowed, [the] attorney . . . seeks to recover for the following: scheduling and canceling matters, calendering [sic] dates and deadlines, faxing documents, mailing documents, and/or filing documents with the court.").

Finally, the Undersigned notes that Plaintiff filed an eight-page reply[7] [ECF No. 169] to address SCB's six-*sentence* response to the instant motion. Plaintiff seeks to recover 2.50 hours of attorney time for drafting this optional 8-page reply. This is a disproportionate amount of time to spend on an eight-page reply, especially considering the conclusory nature of SCB's six-sentence response.

## Paralegal Time

The work performed by the paralegals in this case includes non-compensable clerical work.

"The general rule regarding work performed by paralegals is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an award of attorney's fees." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *12 (S.D. Fla. Jan. 12, 2021). However, "work that is primarily clerical in nature is not reimbursable." *Tobinick v. Novella*, No. 14-80781-CV, 2017 WL 8809365, at *6 (S.D. Fla. Nov. 29, 2017), report and recommendation adopted, No. 9:14-CV-80781, 2017 WL 8809110 (S.D. Fla. Dec. 18, 2017).

Ms. Solis and Ms. Bolanos billed a total of 3.20 hours between them for preparing a binder/e-binder for the Zoom hearing on the motion for sanctions. [ECF No. 196-1, pp. 12-13]. The e-binder was emailed to the Undersigned on the morning of the hearing and consists of four docket entries [ECF Nos. 85; 92-94], plus their corresponding exhibits.

---

[7]      The ninth page consists of only the certificate of service. [ECF No. 169, p. 9].

Preparing a hearing binder is clerical work and not compensable. *See HPC US Fund 1, LP v. Wood*, No. 13-61825-CIV, 2015 WL 11667590, at *6 (S.D. Fla. Feb. 23, 2015) ("The Court has reviewed the billing records of the two paralegals here and finds that a significant portion of their work was clerical in nature (i.e., coordinating with process servers, communicating with stenographers, assembling binders of documents for hearings, etc.), and therefore, is not reimbursable.").

Because Ms. Bolanos' time entries consisted only of non-compensable clerical work, [ECF No. 196-1, pp. 12-13 (2.20 hours for preparing the hearing folder)], her time should be excluded, rather than reduced by a percentage amount. *See Desantis v. Atwood*, No. 20-CV-62004, 2022 WL 787973, at *4-6 (S.D. Fla. Mar. 2, 2022), report and recommendation adopted sub nom. *DeSantis v. Blackened Dolphin*, No. 20-62004-CIV, 2022 WL 783194 (S.D. Fla. Mar. 15, 2022) (excluding the work performed by a paralegal and recommending a 15 percent reduction to the hours expended by the remaining timekeepers).

Ms. Solis also billed a total of 5.00 hours for transcription work on April 4, 2022 and April 5, 2022. [ECF No. 196-1, p. 5]. This task is clerical and therefore not recoverable. *See Tobinick*, 2017 WL 8809365, at *6 (reducing the requested hours of a paralegal who had "performed some administrative tasks (such as calendaring deadlines and transcribing dictation), but also some substantive tasks (such as researching rules and drafting a motion for an extension of time)").

The Undersigned, who presided over the hearing on the sanctions motion (and myriad other discovery hearings in this case), **respectfully recommends** that the Court apply an across-the-board **forty percent (40%)** reduction to the hours sought by four of Plaintiff's timekeepers. Because Ms. Bolanos' time entries consisted entirely of non-compensable clerical work (preparing the hearing folder), [ECF No. 196-1, pp. 12-13], Plaintiff should not recover for her time.

### III.    Conclusion

In sum, the Undersigned respectfully recommends the following reductions:

| Timekeepers | Number of Hours Sought | Recommended Hourly Rates | 40 Percent Reduction | Recommended Fee Award |
|---|---|---|---|---|
| Robert A. Stok | 31.0 | $500.00 | $6,200.00 | $9,300.00 |
| Theodore Sandler | 11.2 | $250.00 | $1,120.00 | $1,680.00 |
| Julieta Gomez de Mello | 27.6 | $150.00 | $1,656.00 | $2,484.00 |
| Sandra Solis | 10.7 | $125.00 | $535.00 | $802.50 |
| Allison Bolanos | 2.2 | $125.00 | N/A | $0.00 |
| **Total** | **82.70** | | | **$14,266.50** |

Based on the foregoing, the Undersigned **respectfully recommends** that the Court **grant in part and deny in part** Plaintiff's fee request and award Plaintiff **$14,266.50** in attorney's fees ($17,541.00 less than the amount requested).

IV.     **Objections**

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with

the United States District Judge. Each party may file a response to the other party's

objection within fourteen (14) days of the objection. Failure to file objections timely shall

bar the parties from a de novo determination by the District Judge of an issue covered in

the Report and shall bar the parties from attacking on appeal unobjected-to factual and

legal conclusions contained in this Report except upon grounds of plain error if necessary

in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985);

*Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on

November 23, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

22