IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL ACTION NO 21-CV-20875-RNS

**BLUESTAREXPO, INC.,**

    *Plaintiff*,

vs.

**JAY ENIS, et al.,**

    *Defendants*.

_____/

**PLAINTIFF BLUESTAREXPO, INC.'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT SOLEIL CHARTERED BANK**

Bluestarexpo, Inc., ("**Bluestar**"), files this motion seeking entry of default judgment against Defendant Soleil Charter Bank. In support of the Motion, Bluestar relies on the *Affidavit of Faris Hussain* attached as **Exhibit 1**.

**Background**

1. On September 2, 2022, the Court entered its *Order Adopting Magistrate Judge's Report and Recommendations Regarding Sanctions* [ECF No. 153] (the "**Sanctions Order**"), wherein the Court ordered the clerk of court to enter a clerk's default against Soleil. The clerk entered a clerk's default on the same day [ECF No. 154].

2. In the Sanctions Order, the Court directed Bluestar to move for default judgment against Soleil after liability has been resolved as to all the Defendants in the case. Sanctions Order p. 2.

3. Liability for the remaining defendants was resolved through the Court's entry of *Judgment on the Verdict* [ECF No. 239] entered on March 21, 2023, wherein the Court entered judgment in favor of Bluestar against Defendant Enis on its breach of contract and FDUTPA

{00688596}

claims in the amount of $125,000; against Defendant The Enis Family Trust in the amount of $50,000; and in favor of Enis, the Trust, and R&T Pharmacy on all other counts. The Court entered judgment as a matter of law in favor of Defendants Srivastava and Abbas on all counts on March 17, 2023 [ECF No. 237].

4. Prior to the clerk's entry of default against Soleil, Bluestar had named Soleil as Defendant to the following counts in the Second Amended Complaint filed on June 14, 2021 [ECF No. 33] (the "**Complaint**"): Fraudulent Misrepresentation (Count I); Negligent Misrepresentation (Count II); Civil Conspiracy (Count XI); Negligent Retention (Count XV); FDUTPA (Count XVI); and False Information Negligently Supplied for the Guidance of Others (Count XVII). The Court found all these counts well-pled. *Order Granting in Part and Denying in Part Motion to Dismiss* [ECF No. 44].

5. The evidence in the case demonstrates that Soleil received $250,000 from the Enis Family Trust. This amount was funded from an initial transfer of $300,000 to the Enis Family Trust from Bluestar. *See* Enis Family Trust Bank Statement Dated July 31, 2020, attached as **Exhibit 2** (demonstrating the transfer from Bluestar to the Trust of $300,000 on July 28, 2020, and the transfer of $250,000 to Soleil on the same date).

## Argument

6. Under Federal Rule of Civil Procedure 55(b)(2), a "party must apply to the court for a default judgment." "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D).

7. As an initial matter, Bluestar submits that Servicemembers Civil Relief Act, 50 U.S.C. § 521(b) does not apply to Soleil because it made an appearance in this case. See 50 U.S.C. § 521(a) ("This section applies to any civil action or proceeding . . . in which the defendant does not make an appearance."). Thus, Bluestar is not required to submit an affidavit attesting to whether Soleil is in military service. In any event, Soleil is a business entity that is not capable of serving in the military.

8. With respect to substantive liability, Soleil's liability is based on its receipt of $250,000 from the Enis Family Trust which Bluestar paid to Soleil, through the Enis Family Trust, to obtain a bank comfort letter. *See* Complaint ¶¶ 13–14 (alleging transfers to Soleil). Soleil's bank comfort letter was ultimately rejected by the vendor with whom Bluestar sought to do business because the vendor deemed it fraudulent. Complaint ¶ 17. The Complaint further alleged that Soleil conspired with the other Defendants to induce Bluestar to transfer an initial $300,000 to the Enis Family Trust from which Soleil subsequently received its $250,000. Complaint ¶¶ 81–83.

9. Because Soleil's pleadings were stricken, it defaulted as to all counts against it, the effect of which was to admit all the well-pled allegations against it. *See U.S. v. Polynice*, 2022 WL 783291 at * 1 (S.D. Fla. March 15, 2022) ("when a defendant is in default, the defendant is deemed to have admitted all well-pleaded allegations in the complaint). As a result, Soleil has admitted all the allegations concerning Bluestar's counts that withstood the Defendants' Motion to Dismiss.

10. Bluestar submits that the Court does not need to investigate the allegations leveled against Soleil because the jury trial in this matter resulted in a verdict in favor of Bluestar on its breach of contract and FDUTPA counts against Enis, as well as unjust enrichment against the

Enis Family Trust. The jury determined that Soleil's letter was fraudulent, leading to its conclusion that Defendants Enis and the Enis Family Trust were liable to Bluestar.

11. Similarly, Bluestar submits that Soleil is liable in a sum certain of at least $300,000. Soleil received $250,000 from the Enis Family Trust as payment from Bluestar for the fraudulent bank comfort letter. The jury also found the Enis Family Trust liable for the $50,000 balance of the $300,000 fee initially charged to Bluestar, which Soleil is vicariously liable for based on it admitting to having conspired with the Trust to commit the underlying tort. *See In re Chiquita Brands Int'l, Inc.*, 2018 WL 11251115 at *5 (S.D. Fla. Aug. 24, 2018) ("civil conspiracy operates as a legal doctrine that imposes vicarious liability on persons, who, although not actually committing a tort themselves, share with their immediate tortfeasors a common plan or design in its perpetration").

12. The judgment against Soleil will overlap with the $125,000 judgment against Enis and the $50,000 judgment against the Enis Family Trust because Soleil's liability covers the full $300,000 amount Bluestar wired to the Trust. "[S]tate law governs the type of liability a federal court may impose on a defendant in a diversity case." *Democratic Republic of the Congo v. Air Capital Gr'p, LLC*, 2014 WL 11429106 at *4 (S.D. Fla. March 19, 2014). Under section 768.81, Florida Statutes, joint and several liability applies "to any action based upon an intentional tort." Fla. Stat. § 768.81(4). Soleil has admitted to the torts of fraudulent misrepresentation, FDUTPA, and civil conspiracy, all intentional torts. Thus, Soleil should be held jointly and severally liable on the $175,000 judgments against the other Defendants.

## Conclusion

For the foregoing reasons, Bluestar respectfully requests that the Court enter a default judgment for $300,000 against Soleil with pre-and post-judgment interest as well as costs, with

Soleil to be held jointly and severally liable on the $125,000 judgment against Enis and the $50,000 judgment against the Enis Family Trust, and individually liable on the $125,000 balance.

Respectfully submitted,

**MORRIS F. MCADOO**
*Lead Counsel for Plaintiff (Pro hac)*
122 North McDowell Street
Charlotte, NC 28204
888-235-5550
Email: mfmcadoo@mcadoolorick.com

**REINER & REINER, P.A.**
*Local Counsel for Plaintiff*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com;
eservice@reinerslaw.com

By: _____

DAVID P. REINER, II; FBN 416400

## **CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY that on **March 29, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

_____
**DAVID P. REINER, II**; FBN 416400