UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 21-20875-Civ-Scola/Goodman

BLUESTAREXPO, INC.,

 *Plaintiff*,

vs.

JAY ENIS, et al.,

 *Defendants*.

_____/

### PLAINTIFF BLUESTAREXPO, INC.'S VERIFIED MOTION FOR THE AWARD OF ATTORNEYS' FEES

Plaintiff, BluestarExpo, Inc., ("**Bluestar**"), files this motion (the "Motion") moving the Court for an entry of an order issuing the Plaintiff, as the prevailing party, after judgment in the trial court and exhaustion of all appeals, the award of reasonable attorney's fees and costs from the Defendant Jay Enis.

### BACKGROUND

1. On March 21, 2023, the Court entered its *Judgment on the Verdict* [ECF No. 239] (the "**Judgment**"), wherein the Court entered a Judgment for the Plaintiff against Jay Enis for the claim of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), in the amount of **$125,000**.

2. Under Section 501.2105 of FDUTPA, Plaintiff is entitled to fees and costs from Defendant Jay Enis.

### ARGUMENT

I. Plaintiff is Entitled to an Award of Attorneys' Fees pursuant to FDUTPA.

1

3. On March 21, 2023, the Court entered its *Judgment on the Verdict* [ECF No. 239] (the "**Judgment**"), wherein the Court entered a Judgment for the Plaintiff against Jay Enis for the claim of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), in the amount of **$125,000**. The Florida Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorneys' fees from the non-prevailing party. The statutory provision states the following:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105(1). To recover attorneys' fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 370 (Fla. 2013). Subsection 501.2105(3) permits an award of attorney's fees for the hours actually expended on a civil action involving a FDUTPA claim. Id.

Here, the Plaintiff should be awarded their reasonable attorneys' fees for all services offered up to the Court entering a judgment on the verdict on the issue of FDUPTA. This should be the totality of fees spent on the case – not those fees solely dedicated for prosecuting the FDUTPA claim. As stated above, FDUTPA allows a trial court to award fees for hours "actually spent on the case" and does not require allocation unless counsel for the prevailing party admits that its services were not related in any way to defending an alleged violation of chapter 501. *See* Heindel v. Southside Chrysler-Plymouth, Inc., 476 So. 2d 266, 271 (Fla. 1st DCA 1985) (Where FDUPTA claims are based on the same transaction as alternative theories of recovery, "no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the 501 claim or it is shown that the services related to

issues, such as punitive damages, which were clearly beyond the scope of a 501 proceeding."). Here, the Plaintiff issues all of the fees incurred in pursuing the claims against the Defendant under FDUPTA. As such, the Plaintiffs are entitled to a fee award for all of the time spent in pursuing this case up to the Court entering a judgment on the verdict on the issue of FDUPTA.

## ATTORNEY FEES

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Barnes, 168 F.3d at 436. "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed….'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 U.S. Dist. LEXIS 170299, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (quoting Barnes, 168 F.3d at 427). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See* McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").

With respect to hours reasonably expended, the attached sworn declarations of undersigned counsel and Plaintiff's previously retained counsel demonstrates that undersigned counsel expended a total of 743.76 hours pursuing the claim of FDUTPA against the Defendant. The Plaintiff seeks a total amount of $232,507.00 in attorney fees incurred to both the law firm of

McAdoo Law Group (Exh. A) and the law firm of Stok Kon + Braverman ("SKB") (Exh. B), the law firms that represented Bluestar during the entire proceedings. Bluestar retained the McAdoo Law Group under a retainer agreement pursuant to which Bluestar agreed to pay the McAdoo Law Group hourly rates for work performed by the McAdoo Law Group's attorneys and staff. Bluestar also agreed to pay costs incurred in connection with the litigation in this matter. Bluestar retained SKB under a retainer agreement pursuant to which Bluestar agreed to pay SKB hourly rates for work performed by SKB's attorneys and staff. Bluestar also agreed to pay costs incurred in connection with the litigation in this matter.  See Exhs. C1, C2, C3, C4.

The McAdoo Law Group charged Bluestar for work performed in connection with pursuing this action by the following timekeepers:

| Identity | Experience and Qualifications | Number of Hours Reasonably Expended | Hourly Rate | Total Fees Sought | Description of Tasks Done2 |
|---|---|---|---|---|---|
| Morris McAdoo | Attorney, partner, admitted to practice in North Carolina, New Jersey in 2006 | 70 | $350 | $24,500.00 | Conduct legal research; draft motion and response; confer with opposing counsel and clients, argue motion |
| Tiffany Scott | Attorney, associate, admitted to practice in North Carolina | 41.7 | $285 | $11,884.50 | Conduct legal research; draft motion and response |
|  |  |  |  |  |  |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| Total |  |  |  | $36,384.50 |  |

SKB charged Bluestar for work performed in connection with pursuing this action by the following timekeepers:

| Identity | Number of Hours Reasonably Expended | Hourly Rate | Total Fees Sought |  |  |  |
|---|---|---|---|---|---|---|
| Robert A Stok | 95.3 | $575 | $54,797.50 |  |  |  |
| Sandra Solis | 78.2 | $125 | $9,775.00 |  |  |  |
| David M Robbins | 185.28 | $250 | $46,320.00 |  |  |  |
| Brian H McGuire | 2.3 | $375 | $862.50 |  |  |  |
| Joshua R. Kon | 1.5 | $475 | $712.50 |  |  |  |
| Yosef Kudan | 1.4 | $275 | $385.00 |  |  |  |

| Dianelys Alfonso | 4.1 | $125 | $512.50 |  |  |  |
|---|---|---|---|---|---|---|
| Julieta Gomez de Mello | 83.8 | $250 | $20,950.00 |  |  |  |

5

| Tuvia Sandler | 174.6 | $350 | $61,110.00 | | | |
|---|---|---|---|---|---|---|
| Allison Bolanos | 5.58 | $125 | $697.50 | | | |
| | | | | | | |
| Total SKB Fees | | | $196,122.50 | | | |

The Plaintiff submits that counsels reasonably expended the aforementioned time in pursuing the claim of FDUTPA against the defendant.

## CONCLUSION

Based on the above described fees incurred by Bluestar in prosecuting the Sanctions Motion, Bluestar respectfully requests that the Court enter an order granting it a total of **$232,507.00** in fees, from Jay Ennis.

## LOCAL RULE 7.1(a)(3) and 7.3 CERTIFICATE

Before filing this Motion, undersigned counsel conferred with counsel for Defendant with respect to the relief requested by submitting a copy of the relief request to the Defendant's Counsel. Defendant's Counsel pursuant to the deadline under Local Rule 7.3. The undersigned counsel followed up again with Defendant's Counsel and received a response on May 12, 2023, that the Counsel did not see the Plaintiff's petition. The undersigned Counsel resent the Petition to Defendant's Counsel on that same day with the inquiry on possibly entering into a settlement on this issue. No response has been received from Defendant's Counsel to the May 12th email, as of the time of this submission.

Dated: May, 19, 2023

Respectfully submitted,

MCADOO LAW GROUP, PLLC

/s/ Morris F. McAdoo
MORRIS F. MCADOO
122 North McDowell Street
Charlotte, NC 28204
Telephone: (888) 235-5550
Facsimile: (704) 464-4426
Email: mfmcadoo@mcadoolorick.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ David P. Reiner, II<br>
DAVID P. REINER II