United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| BluestarExpo, Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-20875-Civ-Scola |
| | ) | |
| Jay L. Enis and others, | ) | |
| Defendants. | ) | |

### Order Granting Motion for Default Judgment Against Soleil Chartered Bank

Plaintiff BluestarExpo, Inc., initially sought to recover $300,000 in payments and $35 million in lost profits from individual Defendants Jay L. Enis, Grovind Srivastava, and Syed Ali Abbas; and entity Defendants The Enis Family Trust (the "Trust"), R & T Pharmacy Corp., and Soleil Chartered Bank. (2nd Am. Compl. ("Compl."), ECF No. 33.) After the Court's consideration of the parties' motion-to-dismiss and summary-judgment briefing and a jury trial, the amount in controversy is limited to the $300,000 payment and all that remains of Bluestar's seventeen-count complaint are six pending counts against Soleil:

- fraudulent misrepresentation (count one);
- negligent misrepresentation (count two);
- civil conspiracy (count eleven);
- negligent retention (count fifteen);
- violations of Florida's Deceptive and Unfair Trade Practices Act (count sixteen); and
- false information negligently supplied (count seventeen).

Previously, the Court struck Soleil's answer (ECF No. 153) and a Clerk's default was entered (ECF No. 154). Pending before the Court now is Bluestar's motion for the entry of a default judgment against Soleil. (Pl.'s Mot., ECF No. 241.) Soleil has responded, arguing there is no evidence showing that Soleil is liable for any of Bluestar's damages or, alternatively, that its liability should be capped at either $150,000 or $175,000. (Def.'s Resp., ECF No. 245.) Blue star did not submit a reply and the time to do so has passed. For the reasons that follow, the Court **grants** Bluestar's motion (**ECF No. 241**) and awards it **$300,000** against Soleil.

1. **Background**

The Court struck Soleil's pleadings, prior to trial, as a result of various discovery violations. (Order on R&R, ECF No. 153.) Thereafter, the Court

entered a default against Soleil but postponed consideration of a default judgment until the liability of the non-defaulting Defendants had been resolved. (*Id.*) Now that that those claims have been decuded, Bluestar seeks to hold Soleil responsible through a default judgment for, in broad strokes, Bluestar's payment of $300,000 for a fraudulent comfort letter issued by Soleil.

The non-defaulting Defendants—Enis, Srivastava, Abbas, the Trust, and R&T—all participated in a three-day jury trial. Aside from the claims against Soleil, listed above, only five of Bluestar's initial seventeen counts remained for resolution through trial: civil conspiracy (against all five Defendants); fraudulent misrepresentation (against Srivastava and Abbas); unjust enrichment (against the Trust); breach of contract (against Enis and R&T); and violations of FDUTPA (against Enis and R&T).

At the close of Bluestar's case in chief, the Court entered judgment as a matter of law in favor of Srivastava and Abbas (both Soleil employees), finding that, based on the evidence presented, a reasonable jury would not have a legally sufficient evidentiary basis to find them liable for either conspiracy or fraudulent misrepresentation. (Order on Rule 50(a) Mots., ECF No. 237.) The remaining defendants proceeded through verdict, with the jury determining that Bluestar had proved its case as to only its unjust-enrichment claim against the Trust and its breach-of-contract and FDUTPA claims against Enis. The jury apportioned $50,000 of Bluestar's losses to the Trust and $125,000 to Enis. Following trial, Bluestar moved for a default judgment against Soleil.

### 2. Legal Standard

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (cleaned up). "A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations." *Id.* (cleaned up). "Courts have recognized, however, that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." *Marshall & Ilsley Tr. Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987). As recognized by the Eleventh Circuit, this "applies to situations where defendants are jointly and severally liable, or have closely related defenses." *Burger v. Hartley*, 11-62037-CIV, 2012 WL 398649, at *2–3 (S.D. Fla. Feb. 7, 2012) (Cohn, J.) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984)). Ultimately, granting a motion for default judgment is within the trial court's discretion. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d, 1200, 1206 (5th Cir. 1975).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. See *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (Cohn, J.). Where all the essential evidence is on record, an evidentiary hearing on damages is not required. See *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record.") (cleaned up). A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (finding that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### 3. Discussion

Soleil's opposition to the entry of default judgment centers on vague references to various evidentiary showings, or a lack thereof, at trial. According to Soleil, the evidence presented showed that Bluestar did not have any "contact with . . . Soleil . . . or its representatives, Defendants Abbas and Srivastava whatsoever." (Def.'s Resp. at 2.) Nor, says Soleil, was there any evidence adduced showing that "the information presented in the comfort letter was false"; establishing "that the comfort letter was shown by the Plaintiff to any third party"; or "relating to any potential sellers or buyers of the goods." (*Id.*) Finally, as Soleil describes it, the trial left uncontroverted that "Soleil had no agreement with Plaintiff," no "prior dealings with En[]is, R&T, or the Trust," and no contact from "Plaintiff or any third party after the issuance of the comfort letter." (*Id.*) Soleil's opposition is wholly lacking.

As a starting point, Soleil does not dispute that the remaining counts against it are well pleaded. (Def.'s Resp. at 2–3 (addressing only the evidence presented at trial).) And, indeed, the complaint's allegations have been tested through the parties' motions to dismiss and the Court's thorough consideration thereof. (*See* Order on Mots. to Dismiss, ECF No. 44; Pl.'s Mot. at 2.) Accordingly, the Court finds there is a sufficient basis in the complaint for a default judgment against Soleil to be entered on the remaining counts.

Further, as a general matter, Soleil's opposition is flawed, composed of wholly conclusory argument, devoid of any record citations or legal authority. Soleil also fails to supply any analysis, explaining why the referenced evidentiary showings, or deficiencies, assuming they even exist, would render

any judgment against Soleil inconsistent with the trial results. This is especially so as to the counts that none of the non-defaulting Defendants even went to trial on: negligent misrepresentation (count two); negligent retention (count fifteen); and false information negligently supplied (count seventeen).

Soleil also fails to explain why the entry of a default judgment against it would be inconsistent with the Court's granting judgment as a matter of law in favor of Srivastava and Abbas on Bluestar's fraudulent misrepresentation claim. There is no indication—and certainly no argument—that Soleil's culpability on this count derives only from Srivastava and Abbas's conduct or that their defenses are so closely related that an exoneration of Srivastava and Abbas would necessitate an exoneration of Soleil on that count.

On the other hand, the same cannot be said of the conspiracy claim, as Bluestar urges. Bluestar pursued its civil-conspiracy count against all five of the non-defaulting Defendants through trial and came up empty handed on each one: through the jury's verdict as to Enis, R&T, and the Trust (Verdicts, ECF Nos. 233–35); and by way of judgment as a matter of law as to Srivastava and Abbas (Order on Rule 50(a) Mots., ECF No. 237). Accordingly, the Court disagrees with Bluestar that Soleil can be held liable for "having conspired with the Trust to commit the underlying tort." (Pl.'s Mot. at 4.) The non-defaulting Defendants are the only other alleged co-conspirators. (Compl. ¶¶ 81–83.) Accordingly, finding Soleil liable for a civil conspiracy when judgment has been entered in the other five Defendants' favors on that same count would inappropriately result in inconsistency among judgments in this case.

Lastly, the Court finds no hurdle to entering default judgment against Soleil as to Bluestar's FDUTPA claim (count sixteen), lodged only against Enis, R&T, and Soleil. The jury's verdict on this count as to Enis and R&T was split: against Enis but in favor of R&T. (Verdicts, ECF Nos. 233, 234.) As Bluestar urges, and without any real opposition from Soleil, there is nothing inconsistent about the entry of judgment on this count against Soleil.

As to damages, Bluestar presents a sum certain, supported by an affidavit and unchallenged documentary evidence, showing Soleil's liability for the full $300,000 Bluestar paid for the comfort letter. In its entirety, Soleil's argument against awarding Bluestar this amount is: "the court should award no more than what the jury found against the other Defendants which was $50,000 USD and $125,000 respectfully, and it should be noted that the evidence at trial was uncontroverted that SCB only received $150,000." (Def.'s Resp. at 3 (transcribed as written in original).) Without more, Soleil misses the mark: its presentation is lacking in any factual specifics, analysis, or supporting legal authority. Conversely, the record evidence unambiguously shows Bluestar's loss indeed amounted to $300,000 (Hussain Aff. ¶¶ 3–5, ECF

No. 241-1; Bank Stmts., Ex. 2, ECF No. 241-3) and Soleil fails to present any legal or factual basis supporting a finding that it is not responsible for that entire loss amount.

### 4. Conclusion

As set forth above, the Court **grants** Bluestar's motion for default judgment against Soleil (**ECF No. 241**) on counts one (fraudulent misrepresentation); two (negligent misrepresentation); fifteen (negligent retention); sixteen (FDUTPA); and seventeen (false information negligently supplied), any one of which supports entering judgment for **$300,000** against Soleil and in favor of Bluestar. Of that $300,000, the Court holds Soleil jointly and severally liable on the $125,000 judgment against Enis and on the $50,000 judgment against the Trust and individually liable on the remaining $125,000.

**Done and ordered** at Miami, Florida, on May 25, 2023.

Robert N. Scola, Jr.
United States District Judge