UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20875-CIV-SCOLA/GOODMAN

BLUESTAREXPO, INC.,

      Plaintiff,

v.

JAY ENIS, et al.,

      Defendants.

_____/

*OMNIBUS* REPORT AND RECOMMENDATIONS
ON PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES

Plaintiff Bluestarexpo, Inc. ("Plaintiff") seeks attorney's fees against Defendants Jay Enis ("Enis") and Soleil Chartered Bank ("Soleil") under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"). [ECF Nos. 246; 250]. Enis did not file a response and the time to do so has passed. Soleil filed a response in opposition, and Plaintiff filed an optional reply. [ECF Nos. 252; 253].

Senior United States District Judge Robert N. Scola, Jr. referred the instant fees motions to the Undersigned "consistent with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Magistrate Judge Rules." [ECF Nos. 247; 251]. For the reasons discussed in detail below, the Undersigned **respectfully recommends** that the District Court exercise its discretion and **deny** Plaintiff's fees motions [ECF Nos. 246;

250].

## I.     Non-Compliance with the Local Rules

As noted above, Defendant Enis did not file a response to Plaintiff's motion. Local Rule 7.1(c)(1) states that "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. L.R. 7.1(c)(1). The failure to file an opposing memorandum "may be deemed sufficient cause for granting the motion by default." *Id.*

Local Rule 7.1(c)(1) serves an important function. Its purpose is to ensure judicial economy, prevent courts from wasting time evaluating issues the parties might be in agreement on, inform the Court as to whether it need wait for a response from the opposing party before deciding the motion, and, importantly, force the parties to engage in the meaningful exchange of information and viewpoints. *See, e.g., Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014).

Ordinarily, the failure to respond to a motion alone is sufficient grounds to grant that motion by default. *See, e.g., Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 F. App'x 711, 726 (11th Cir. 2013) (affirming by-default grant of 28 U.S.C. § 1927 fee award); *CX Digital Media, Inc. v. Smoking Everywhere, Inc.*, No. 09-62020-CIV, 2011 WL 13269714, at *1 (S.D. Fla. July 7, 2011), *report and recommendation adopted*, No. 09-62020-CIV, 2011 WL 13269715 (S.D. Fla. July 8, 2011) (granting fees and costs motions by default); *Mastercard*

*Int'l, Inc. v. Ishak*, No. 01-4300-CIV-KING, 2004 WL 1059795, at *3 (S.D. Fla. Mar. 11, 2004) (noting that "[t]he corporate defendants' failure to respond to either of the motions for fees is sufficient cause to grant the plaintiff's motions by default").

Although it filed a response, Defendant Soleil also failed to comply with the Local Rules. Specifically, Local Rule 7.3(a), states, in part, as follows:

> the respondent shall **describe with reasonable particularity each time entry or nontaxable expense to which it objects**, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. **If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate**.

S.D. Fla. L.R. 7.3(a) (emphasis added). In its response, Soleil contends that Plaintiff's fees are "not reasonable" and that Plaintiff requests "unreasonably high rates." [ECF No. 252, p. 3]. But Soleil's response fails to identify even one specific time entry it finds unreasonable, and, despite objecting to the requested hourly rates, it did not submit an affidavit from its counsel concerning his hourly rates.

Notwithstanding Defendants' non-compliance, the Court will nonetheless reach the merits of Plaintiff's fees motions as to both Defendants. "District courts have considerable discretion in applying the Local Rules[.]" *Hum. Rts. Def. Ctr. v. Dixon*, No. 21-81391-CV, 2022 WL 4243921, at *3 (S.D. Fla. Aug. 24, 2022). Moreover, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts

to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Thus, the Court must ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party); *United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).

Given these considerations, the Court will exercise its discretion and address the merits of Plaintiff's fees motions.

## II.     Entitlement

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836

F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on

diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See*

*Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008)

(noting that the Eleventh Circuit has "consistently recognized that in diversity cases a

party's right to attorney's fees is determined by reference to state law").

"Florida courts follow the 'American Rule' that attorney's fees may only be

awarded pursuant to an entitling statute or agreement among the parties." *Am. Family*

*Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664

So. 2d 959, 960 (Fla. 1995)). Here, Plaintiff seeks fees against Enis and Soleil under section

of 501.2105 of FDUTPA. [ECF Nos 246, p. 1; 250, p. 2–3].

FDUTPA's fee-shifting provision states as follows:

**(1) In any civil litigation resulting from an act or practice involving a violation of this part**, except as provided in subsection (5), **the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, <u>may</u> receive his or her reasonable attorney's fees and costs from the nonprevailing party.**

**(2) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.**

(3) The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.

5

(5) In any civil litigation initiated by the enforcing authority, the court may award to the prevailing party reasonable attorney's fees and costs if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or if the court finds bad faith on the part of the losing party.

(6) In any administrative proceeding or other nonjudicial action initiated by an enforcing authority, the attorney for the enforcing authority may certify by sworn affidavit the number of hours and the cost thereof to the enforcing authority for the time spent in the investigation and litigation of the case plus costs reasonably incurred in the action. Payment to the enforcing authority of the sum of such costs may be made by stipulation of the parties a part of the final order or decree disposing of the matter. The affidavit shall be attached to and become a part of such order or decree.

Fla. Stat. § 501.2105 (emphasis added).

The purpose of this provision is "[t]o encourage citizens to invoke the protections of FDUTPA and file actions under that statute[.]" *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). But "FDUTPA does not **mechanically** award fees to the prevailing party." *Schwartz v. ADP, Inc.*, No. 2:21-CV-283-SPC-KCD, 2023 WL 2815880, at *10 (M.D. Fla. Mar. 21, 2023), *report and recommendation adopted*, No. 2:21-CV-283-SPC-KCD, 2023 WL 2811057 (M.D. Fla. Apr. 6, 2023) (emphasis supplied). Instead, courts are vested with *discretion* to award fees to the prevailing party.

To be sure, Plaintiff is the prevailing party in this action. Following a three-day jury trial, the Court entered a judgment in Plaintiff's favor and against Enis on Plaintiff's FDUTPA claim. [ECF No. 239]. The Court also entered a final judgment (by default) against Soleil on multiple claims, including FDUTPA. [ECF No. 249].

But "[o]nce the district court determines that a party is a prevailing party under FDUTPA, it has discretion to award attorneys' fees after considering various equitable factors[.]" *Warren Tech., Inc. v. UL LLC*, No. 21-11168, 2021 WL 4940833, at *3 (11th Cir. Oct. 22, 2021) (citing *Humane Society* factors). In exercising that discretion, courts typically consider the following, non-exhaustive list of equitable factors:

(1) the scope and history of the litigation;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall;

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007).

Here, Plaintiff did not address any of the *Humane Society* factors or supply any other factors or grounds[1] in support of its FDUTPA fee request. Instead, the gist of

---

[1]     "While the *Humane Society* factors are not required under FDUTPA, courts routinely use them to assess entitlement to fees under FDUPTA." *CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 2:20-CV-867-JLB-KCD, 2023 WL 2930825, at *2 (M.D. Fla. Feb. 9, 2023) (citations omitted).

Plaintiff's entitlement argument is that it prevailed on its FDUPTA claims. [ECF Nos. 246, pp. 1–3; 250, pp. 2–3]. But, as discussed above, a fee award under FDUTPA is discretionary. *See Humane Soc. of Broward Cnty., Inc.*, 951 So. 2d at 968 ("An award of attorney's fees to the prevailing party under sections 501.2105(1)–(4) of FDUTPA is discretionary with the trial court.").

It is Plaintiff's burden to show entitlement to discretionary fees under FDUTPA and its failure to develop this argument beyond its basic and obvious assertion that it prevailed is sufficient ground for denying Plaintiff's motions. *See CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 2:20-CV-867-JLB-KCD, 2023 WL 2930825, at *2 (M.D. Fla. Feb. 9, 2023) (refusing to award fees under FDUTPA where the movant "failed to present any arguments, beyond perfunctorily asserting that it was the prevailing party, to establish its entitlement to fees under FDPUTA's [sic] discretionary attorney's fees statute"); *see also Korman v. Iglesias*, No. 18-21028-CIV, 2018 WL 6978693, at *6 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-21028-CIV, 2019 WL 127002 (S.D. Fla. Jan. 3, 2019) ("We agree with [the] [p]laintiff and find that [the] [d]efendant's failure to address the *Humane Society* factors dooms his attempt to collect fees under FDUTPA. Even though [the] [d]efendant is the prevailing party in this litigation, it is ultimately the burden of the party seeking fees to convince the court of his entitlement to same. In this instance, [the] [d]efendant has wholly failed to satisfy that burden.").

The Court should not engage in a *sua sponte* analysis of the equitable factors. It is not the Court's job to do Plaintiff's work for it. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *CMR Constr. & Roofing*, LLC, 2023 WL 2930825, at *3 ("The Court is not an advocate. Rather, the Court relies on advocates to set forth legal arguments to support their requests.").

In sum, Plaintiff failed to show entitlement to attorney's fees under FDUTPA's discretionary fee-shifting provision.

## III.   Conclusion

Because Plaintiff failed to carry its burden of showing entitlement to fees under FDUTPA, the Undersigned **respectfully recommends** that the Court exercise its discretion and **deny** Plaintiff's fees motions [ECF Nos. 246; 250].

## IV.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's

objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on December 8, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to:**</u>
The Honorable Robert N. Scola, Jr.
All Counsel of Record