UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 21-20875-Civ-Scola/Goodman

**BLUESTAREXPO, INC.,**

    *Plaintiff*,

**vs.**

**JAY ENIS, et al.,**

    *Defendants*.

_____/

**PLAINTIFF BLUESTAREXPO, INC.'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION DENYING MOTION FOR ATTORNEY FEES (ECF 254)**

**COMES NOW** Plaintiff BlueStar Expo ("Plaintiff"), who respectfully objects to the United States Magistrate's Report and Recommendations on Plaintiff's Motion for Attorney Fees [ECF No. 254]. Pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), this Court should exercise its discretion to overrule the Magistrate's recommendation and either (1) waive strict compliance or (2) order Plaintiff to file an Amended Motion for Attorney Fees. In support thereof, Plaintiff shows the following:

**ARGUMENT**

    Under Rule 72 of the Federal Rules of Civil Procedure, and after a magistrate judge's denial of a non-dispositive motion, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72. According to the test as provided in *Humane v. Humane*, 951 So. 2d 966 (Fla. Dist. Ct. App. 2007), and as cited in the Magistrate's Report and Recommendations, courts may, in exercising discretion as to whether or not to grant attorney fees under FDUTPA, consider various equitable factors that include, but are not limited

Page 1

to, (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. Id. Plaintiff's Motion adequately addresses the *Humane* factors.

### I. The Denial of Plaintiff's Motion for Attorney Fees should be set aside because Plaintiff properly detailed the scope and history of the litigation.

Plaintiff's Motion for Attorney Fees not only included a Fee Petition that outlined and detailed the number of Attorney hours expended on litigating the matter, including descriptions of each task completed, but also attached as exhibits invoices detailing dates and timestamps for when the work was performed. The initial prong of the *Humane* test is whether or not the movant adequately addressed the scope and history of the litigation.

Here, Plaintiff included and identified within the Motion all detailed service history that intricately detail the scope and record of the Plaintiff's litigation against the Defendants. As shown in the invoices, the case's history stretches back to the initial time entry for Attorney fees in January 2021 and journeys all the way through March 23, 2023, the day after the trial on the issues was completed. During this over two-year time period, Plaintiff's exhibits show the enormous expenditure of time and effort that was given to Plaintiff's matter, which ultimately concluded with this Court finding Defendants Jay Enis and Soleil Chartered Bank liable under Florida's Deceptive and Unfair Trade Practices Act.

In addition, the Court should consider within its review, the Plaintiff's reply to Defendant Soleil Chartered Banks' Response to Plaintiff's Motion for Attorney Fees [ECF No. 252]. In Plaintiff's Reply [ECF No. 253], it noted that the Attorney fees should not be limited to the hours up to and including this Court's Entry of Default. This response highlighted the fact that the case history included the Court

mandated additional services and attorney hours *after this* Court's Final Decision on all Defendants, in order to finally obtain the Default Judgment.

Being that the FDUTPA provides relief, via Attorney fees, for persons and/or entities that have been violated under its terms, and since Plaintiff's Motion steadfastly highlights the scope and history of the litigation, this Court should set aside the Magistrate's Report and Recommendations and grant Plaintiff's Motion for Attorney Fees. In the alternative, this Court should order that Plaintiff file an Amended Motion for Attorney Fees so that it may more sufficiently describe the scope and history of the litigation to the Court's preference.

## II. Overruling the magistrate's report and recommendations would not prejudice any of the Defendants; especially Defendant Jay Enis.

This Court exercising its discretion to overrule the magistrate's report and recommendation is not prejudicial to Defendant Jay Enis as this case's history shows that Defendant Jay Enis already had a forum and opportunity to address the issues of Attorney fees and failed to do so. In actuality, the Plaintiff stands to suffer more prejudice from a denial of attorney fees than Defendant Jay Enis would if this Court allows Plaintiff's Motion.

Plaintiff has incurred, and continues to incur Attorney fees, as a result of the wrongful acts that Defendants Jay Enis and Soleil Chartered Bank have been found liable for. It was proven to a jury that the Plaintiff has suffered by spending an exorbitant amount of money in trusting Defendants Jay Enis and the Enis Family Trust and it should not be overlooked that the burden continues to lay with Plaintiff to pay for attorney fees. For this reason, this Court should grant Plaintiff's Motion for Attorney Fees. In the alternative, this Court should order that Plaintiff file an Amended Motion for Attorney Fees so that it may more sufficiently describe the scope and history of the litigation to the Court's preference. For this reason, this Court should set aside the Magistrate's Report and Recommendations and grant Plaintiff's Motion for Attorney Fees. In the alternative, this Court should order that Plaintiff file an Amended Motion for Attorney Fees.

## CONCLUSION

For the reasons identified above, and in the interests of justice, the Defendants respectfully object to the Magistrate's Report and Recommendation denying Plaintiff's Motion for Attorney Fees and request that this Court either (1) waive strict compliance or (2) order Plaintiff to file an Amended Motion for Attorney Fees.

Respectfully submitted this, the 22nd day of December 2023.

MCADOO LAW GROUP, PLLC

/s/ Morris F. McAdoo
MORRIS F. MCADOO
122 North McDowell Street
Charlotte, NC 28204
Telephone: (888) 235-5550
Facsimile: (704) 464-4426
Email: morris@mcadoolawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DAVID P. REINER II