United States District Court
for the
Southern District of Florida

| | |
|---|---|
| BluestarExpo, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20875-Civ-Scola |
| | ) |
| Jay L. Enis and others, | ) |
| Defendants. | ) |

### Order Adopting Report and Recommendation
### Denying Attorney's Fees

Upon referral, United States Magistrate Judge Jonathan Goodman recommends (Rep. & Rec., ECF No. 254) that the Court deny Plaintiff BluestarExpo, Inc.'s motion for $232,507 in attorney's fees against Defendant Jay Enis (Pl.'s Enis Fees Mot., ECF No. 246) as well as its motion for $237,897 in fees against Defendant Soleil Chartered Bank (Pl.'s Soleil Fees Mot., ECF No. 250). Bluestar has timely objected to the report and recommendations, arguing it has sufficiently supported its entitlement to fees or, alternatively, it should be afforded an opportunity to submit an amended motion for fees. (Pl.'s Objs., ECF No. 255.) Despite Bluestar's failure to "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection," *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up), along with, "supporting legal authority," Local Mag. J. R. 4(b), the Court has nonetheless considered Judge Goodman's report, the record, and the relevant legal authorities on a de novo basis. The Court finds Judge Goodman's report and recommendations thorough, cogent, and compelling. Accordingly, the Court **overrules** Bluestar's objections (**ECF No. 255**), **adopts** the report and recommendations in their entirety (**ECF No. 254**), and thus **denies** Bluestar's two motions for fees (**ECF Nos. 246, 250**).

To begin with, although Enis failed to respond at all to Bluestar's motion and Soleil improperly responded, the Court agrees with Judge Goodman that the Court should nonetheless assess the merits of Bluestar's fee requests. As noted by Judge Goodman, the Court has an obligation to "ensure that the fees it awards are reasonable." (Rep. at 4 (citing *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (Rosenberg, J.) for the proposition that "the Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute"; *Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) where the court reduced the hourly rates of two

timekeepers despite no challenge to the hourly rates by the opposing party; and *United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (Goodman, Mag. J.) where the court noted that it "must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).)

Bluestar claims its entitlement to fees based on the Florida Deceptive and Unfair Trade Practices Act's fee shifting provision under which a prevailing party "*may* receive his or her reasonable attorney's fees and costs from the nonprevailing party" and the "trial judge *may* award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case." Fla. Stat. § 501.2105(1), (3) (emphasis added). While there can be no debate that the Plaintiffs were the prevailing party under the FDUTPA, whether fees should be awarded is still left to the Court's discretion. *See Warren Tech., Inc. v. UL LLC*, 21-11168, 2021 WL 4940833, at *3 (11th Cir. Oct. 22, 2021) ("Once the district court determines that a party is a prevailing party under FDUTPA, it has discretion to award attorneys' fees after considering various equitable factors.)

In its objections, Bluestar acknowledges this discretion, even parroting the non-exhaustive list of equitable factors that Judge Goodman recites that courts may consider:

> (1) the scope and history of the litigation;
>
> (2) the ability of the opposing party to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
>
> (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;
>
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>
> (6) whether the defense raised a defense mainly to frustrate or stall;
>
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

(Rep. at 7 (quoting *Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007).) In urging the Court to reject Judge Goodman's recommendations, however, Bluestar addresses only the fist of the seven listed factors, insisting, vaguely, that it "properly detailed the scope and history of the litigation." (Pl.'s Objs. at 2.) Bluestar's position is problematic.

First, in support of its claim that it properly addressed the first factor—"the scope and history of the litigation"—Bluestar points to the "intricately" detailed timekeeper entries it attached to its fees motions. (*Id.*) According to Bluestar, these detailed time entries, spanning two years of litigation, lay bare "the enormous expenditure of time and effort that was given to Plaintiff's matter." (*Id.*) But a reproduction of dozens and dozens of pages of time entries simply reflects how much time multiple timekeepers spent on various tasks, devoid of any context or real substance. This is not helpful to a court's analysis of whether "the scope and history of the litigation" is such that it weighs in favor of an award of fees. A litigant must do more than simply present stacks of records, leaving it to the Court to sift through and decide how those records might apply to the factors above (or any other factors that might affect the Court's analysis). As Judge Goodman points out, "it is not the Court's job to do Plaintiff's work for it." (Rep. at 9.)

And second, in addition to failing to actually address the first factor, Bluestar also failed to even mention any of the other factors in either motion, never mind how those factors might militate in favor of a fee award. This dooms Bluestar's request. Indeed, as Judge Goodman points out, and Bluestar does not dispute, the burden falls to the proponent of a discretionary fee award to establish its entitlement to the award. (Rep. at 8.) By omitting any argument whatsoever concerning the factors that might justify a FDUTPA fee award, the Court finds Bluestar has failed to meet its burden of establishing the appropriateness of a discretionary fee award in this case. *See N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 395 F. App'x 563, 566 (11th Cir. 2010) (finding that a fee proponent's "omission before [the district court] of any argument concerning the factors that might justify an FDUTPA fee award constituted a waiver" of the argument on appeal); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award").

Lastly, Bluestar urges the Court, in the alternative, to allow it to file amended fees motions "so that it may more sufficiently describe the scope and history of the litigation to the Court's preference." (Pl.'s Objs. at 3.) The Court declines the invitation. To begin with, Bluestar fails to explain how a more fulsome description of the scope and history of this litigation, alone, will move the needle. Further, Bluestar still fails to even mention any other factors that might tip the scales in favor of a fee award. Finally, and most importantly, Bluestar provides no explanation for why it should be afforded a second chance, long after its deadline has passed, to do what it had every opportunity to do in the first instance.

Ultimately, the Court has reviewed the entirety of Judge Goodman's report and recommendations on a de novo basis and agrees with all his findings and conclusions. The Court, therefore, **overrules** Bluestar's objections (**ECF No. 255**), as set forth above; **affirms and adopts** the report and recommendation (**ECF No. 254**) in full; and, thus, consistent with Judge Goodman's recommendations, **denies** Bluestar's motions for fees (**ECF Nos. 246, 250**).

**Done and ordered**, in Miami, Florida, on February 1, 2024.

_____
Robert N. Scola, Jr.
United States District Judge