## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-20875-SCOLA/LETT

**BLUESTAREXPO, INC.,**

      Plaintiff/Judgment Creditor,

v.

**JAY L. ENIS, THE ENIS FAMILY TRUST**,
**SOLEIL CHARTERED BANK,** *et al.,*

      Defendant/Judgment Debtors.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court pursuant to District Judge Robert N. Scola, Jr.'s referral [ECF No. 273] of Plaintiff's Motion for Default Judgment [ECF No. 272]. For the reasons mentioned below, the Undersigned **recommends** that the Court grant the Plaintiff's Motion for Default Judgment.

### I.      Background

This case originally went to trial, with a jury verdict returned in favor of Plaintiff BluestarExpo, Inc., against both Jay Enis and the Enis Family Trust. ECF Nos. 233 & 235. Judge Scola subsequently entered a Judgment on the Verdict. ECF No. 239. Plaintiff filed a Motion for Writs of Execution, indicating that the Defendants failed to satisfy any portion of the money judgments against them in the case. ECF No. 257. Plaintiff then filed a Writ of Garnishment as to Garnishee Annette Rye on January 9, 2025, [ECF No. 264], with a subsequent Certificate of Service filed on

January 17, 2025, [ECF No. 265]. On April 4, 2025, Plaintiff filed a Notice of Right to Dissolve Writ of Garnishment and Certificate of Service Notice Pursuant to Florida Statute § 77.055, notifying the Court that the Garnishee failed to serve an Answer on the Writ, and notifying the parties of the 20-day period following the service of the notice to move to dissolve the Writ of Garnishment. ECF No. 269. The Defendant filed a Motion to Dissolve the Writ and a Response on May 1, 2025, outside of the 20-day window provided by statute. ECF No. 271. Plaintiff responded to the Motion to Dissolve and requested an entry of a default judgment due to the late filing in the amount of $300,000 plus post-judgment interest. ECF No. 272.

## II.    Analysis

When a judgment is entered in federal court, the procedure on execution of the judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Parties have the right to seek a writ of garnishment under Florida law once a judgment has been rendered in that party's favor. Fla. Stat. § 77.01. Once a party is notified through service of the pending garnishment, they are required to move to dissolve the writ within 20 days after the date on the certificate of service. Fla. Stat. § 77.055. When a party files after the deadline has passed, their objections are considered waived. *See Branch Banking & Trust Company v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018). Florida law does not allow for leeway in tardy filings and "require[s] strict adherence to the provisions of the statute." *Zivitz v. Zivitz*, 16 So.3d 841, 847 (Fla. 2d DCA 2009). A federal court applying state law is bound to adhere to the state court's decisions "whether or not the federal court agrees

with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983).

Based on the timeline set forth by statute, the Defendant's Motion to Dissolve the Writ of Garnishment is tardy. The deadline for the motion to dissolve was April 28, 2025. Both Florida law and Eleventh Circuit precedent in applying that law are clear: when the motion to dissolve is filed outside of the twenty-day window proscribed by statute, the objections are considered waived and the writ stands. Based on that precedent and the facts presented in the filings, the Court is required to enter a default judgment for the Plaintiff, and the Undersigned recommends that the District Court do so.

### III.    Conclusion

For the reasons stated above, the Undersigned **RECOMMENDS** that the Court **GRANT** the Plaintiff's Motion for Default Judgment [ECF No. 272] and enter judgment for Plaintiff BlueStar Expo, Inc. in the amount of $300,000 plus post-judgment interest.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers in Miami, Florida on this 26th day of June, 2025.

*Enjoliqué A. Lett*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record